### Charles Pomroy *vs.* Jonathan Lyman.

An attachment in another state upon a writ against a debtor who is in insolvency in this commonwealth, of property which belonged to him before his insolvency, will render the attaching creditor liable, as for a conversion, to the purchaser of the property who was in possession of it under a claim of title at the time of the attachment, although the sale to such purchaser was in fraud of creditors.

Tort for the conversion of a quantity of broom brush.

At the trial in the superior court, before *Wilkinson,* J., it appeared that the broom brush originally belonged to William Brown, who in 1860 executed a bill of sale thereof to the plain- tiff, to secure him for certain liabilities assumed for Brown, and delivered to him the possession thereof in Vermont. Subse- quently Brown was put into insolvency, on petition of creditors; the assignee in insolvency demanded this broom brush of the plaintiff; and thereafter the defendant sued out a writ against Brown in Vermont, and attached the broom brush, which re- mained there in the plaintiff's possession, and sold the same upon the execution which he obtained in his suit. The defend ant offered to prove that the conveyance by Brown to the plaintiff

was in fraud of creditors; but the evidence was excluded. Both parties were and are citizens of Massachusetts.

The jury returned a verdict for the plaintiff, under instructions authorizing them to do so; and the defendant alleged exceptions.

*D. Aiken,* for the defendant. The attachment in Vermont was lawful. *Dehon* v. *Foster,* 4 Allen, 552. The plaintiff cannot interpose the title of the assignee, under which he does not claim, to exclude the evidence of fraud. *Hall* v. *Stevens,* 9 Met. 418. *King* v. *Barns,* 13 Pick. 24.

*G. T. Davis,* for the plaintiff.

GRAY, J. There can be no doubt of the right of the plaintiff to maintain this action. At the time of the defendant's attachment on his writ against Brown in Vermont, the plaintiff was in possession of the property under a claim of title, and all Brown's interest in the property had passed to his assignee in insolvency under proceedings in this commonwealth by a title which the defendant, a citizen of Massachusetts, could not controvert. *Hubbard* v. *Lyman,* 8 Allen, 520. *Dehon* v. *Foster,* 4 Allen, 552, 553; *S. C.* 7 Allen, 57. *Hanford* v. *Paine,* 32 Verm. 442. *Hoag* v. *Hunt,* 1 Foster, (N. H.) 106.

*Exceptions overruled*